**James J. Orland, Esq.** (State Bar No.161937)
jim@orlandlawgroup.com
**ORLAND LAW GROUP**
1334 Parkview Avenue, Suite 100
Manhattan Beach, CA 90266
310/492-5705 - Telephone
310/598-3141 - Facsimile

**Attorneys for Plaintiffs** CHRISTAL JOHNSON,
EBONY TAYLOR, and BRIDGETTE GREEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHRISTAL JOHNSON, an individual and as a Personal Representative of Mariyon Williams; EBONY TAYLOR, an individual and as a Personal Representative of Jayland Strickland, and BRIDGETTE GREEN, an individual and as a Personal Representative of Monyae Jackson,<br><br>       Plaintiffs,<br><br> vs.<br><br>CITY OF LOS ANGELES; MICHEL MOORE, CHIEF OF LOS ANGELES POLICE DEPARTMENT, and DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No.<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>1. Violation of Federal Civil Rights [42 USC §§1983, 1985, 1986, 1988]<br>2. Violation of Federal Civil Rights: Monell Claim [42 USC §§1983, 1985, 1986, 1988]<br><br>**DEMAND FOR JURY TRIAL** |

  COMES NOW, Plaintiffs CHRISTAL JOHNSON, EBONY TAYLOR, and

BRIDGETTE GREEN, individually and as a Personal Representatives of Mariyon

Williams, Jayland Strickland, and Monyae Jackson, respectively, who hereby

alleges the following allegations and facts in support of their Complaint against all Defendants, and who hereby demands a speedy jury trial on all causes of action stated against the named Defendants herein as follows:

## PARTIES

1.     Plaintiff CHRISTAL JOHNSON is the parent of minor MARIYON WILLIAMS, and all times mentioned herein was an individual residing in Los Angeles County, State of California.  CHRISTAL JOHNSON, individually, is an 'heir at law' of MARIYON WILLIAMS, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for violation of his rights based upon the harm to her son, MARIYON WILLIAMS under California Government Code Sections 905, 911.2, and others.  Plaintiff CHRISTAL JOHNSON ("Plaintiff") may maintain causes of action under 42 U.S.C. §1983, and violation of California Civil Code §§51.7, 52 and 52.1.

2.     Plaintiff EBONY TAYLOR is the parent of minor JAYLAND STRICKLAND, and all times mentioned herein was an individual residing in Los Angeles County, State of California.  EBONY TAYLOR, individually, is an 'heir at law' of JAYLAND STRICKLAND, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for violation of his rights based upon wrongs committed against

her son, JAYLAND STRICKLAND, under California Government Code Sections 905, 911.2, and others.   Plaintiff EBONY TAYLOR ("Plaintiff") may maintain causes of action under 42 U.S.C. §1983, and violation of California Civil Code §§51.7, 52 and 52.1.

3.     Plaintiff BRIDGETTE GREEN is surviving parent of Decedent MONYAE JACKSON, and all times mentioned herein was an individual residing in Los Angeles County, State of California.   BRIDGETTE GREEN, individually, is an 'heir at law' of Decedent MONYAE JACKSON, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of her son, MONYAE JACKSON ("Decedent"), under California Code of Civil Procedure Section 377.60.   Plaintiff BRIDGETTE GREEN ("Plaintiff") may maintain causes of action under 42 U.S.C. §1983, and violation of California Civil Code §§51.7, 52 and 52.1.

4.     At all times mentioned herein Defendant CITY OF LOS ANGELES was and is a public entity and municipal corporation, duly organized and existing under and by virtue of the laws of the State of California.

5.     Plaintiff is informed and believes and thereupon alleges, that at all times relevant herein Defendant POLICE CHIEF MICHEL MOORE and Does 1-100 were residents of the CITY OF LOS ANGELES, State of California, and were police

COMPLAINT

officers, sergeants, captains, lieutenants, commanders and supervisors, and/or civilian employee agents, policy makers and representatives of the LOS ANGELES POLICE DEPARTMENT, as well as employees, agents and representatives of Defendant CITY OF LOS ANGELES, and/or police department personnel of unknown agencies within the CITY OF LOS ANGELES at the time of this incident.

6.     At all times relevant herein Defendants, POLICE CHIEF MICHEL MOORE and Does 1-100, inclusive, and each of them, were acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant CITY OF LOS ANGELES, its chief and/or police department, and the State of California.

7.     At all times mentioned herein Defendant CITY OF LOS ANGELES was and is a public entity and an organization of unknown entity, duly organized and existing under and by virtue of the laws of the State of California.

8.     Plaintiffs are informed and believes, and thereupon alleges that at all times relevant herein, Doe defendants 21 through 50, inclusive, were supervisors and policy makers for the City of Los Angeles.

9.     The Plaintiffs sues the fictitious Defendants DOES 1 through 100, inclusive pursuant to the California Code of Civil Procedure, Section 474, because their true names and/or capacities and/or other facts showing them liable are not presently known. Plaintiffs request the Court's leave to amend this Complaint to set

COMPLAINT

forth the true names and capacities of such Defendants when ascertained by Plaintiffs who further alleges that each of the said Defendants and Does are responsible in some manner for the occurrences herein alleged, and that the damages herein alleged were proximately caused by this incident.

10.     The reason why Plaintiffs are ignorant of the true names and capacities of Defendants sues herein as Does 1 through 100, inclusive, is that some have been unascertainable as of the date of filing of the instant Complaint, as many of these Does may be Los Angeles Police Department officers of/or civilian employee agents, policy makers and representatives of Defendant City of Los Angeles or police department, and as such many of their records are protected by state statute and can only reasonably be ascertained through the discovery process.

11.     At all times relevant hereto said defendants were acting within the scope and course of their employment as officers, sergeants, captains, lieutenants, commanders and chiefs of police, and/or civilian employees, policy makers and representatives of the City of Los Angeles and the wrongful acts hereinafter describes flow from the very exercise of their authority. Each defendant was also acting as an employee, agent and representative of each and every other defendant herein, and in doing the acts herein alleged were acting with the permission, consent, ratification and authority of their co-defendants.

**(GOVERNMENT CLAIM FILED)**

COMPLAINT

12.     Pursuant to Government Code Sections 905 and 910, et seq., Plaintiffs timely filed their Government Claims for Damages on or about September 13, 2018. Said claims were denied by the City of Los Angeles on September 24, 2018. Thus, Plaintiffs timely filed this lawsuit. Plaintiffs set forth in the Government Claim language to the effect that if the Government entity or individual were unable to ascertain the basis or scope of the claims against them or reason to believe that they were not a proper party then they should so notify Plaintiffs' counsel. Plaintiffs' counsel was not notified by any of the Defendants that they had any issues with the Government claims.

13.     Plaintiffs further alleges that Defendants, and each of them, intentionally conspired to conceal, and did conceal, the true facts surrounding this incident, thereby attempting to prevent Plaintiffs from obtaining the knowledge and information necessary to submit the instant complaint on a timely basis.

## FACTUAL ALLEGATIONS COMMON TO MORE THAN ONE CAUSE OF ACTION

14.     On or about May 13, 2018, 15-year-old Decedent MONYAE JACKSON and his friends JAYLAND STRICKLAND and MARIYON WILLIAMS were on their way home after visiting friends. While traveling on foot on or near 365 W. Manchester Ave., Los Angeles, CA, 90003, MONYAE JACKSON and his friends JAYLAND STRICKLAND and MARIYON

COMPLAINT

WILLIAMS, all minors and unarmed, were confronted by assailants, physically accosted, and shot by a firearm causing serious and life-threatening injuries to their persons.    Immediately upon being shot, JAYLAND STRICKLAND and/or MARIYON WILLIAMS made a call to 911 police services to obtain emergency care.

15.    Within an unknown amount of time on or about May 13, 2018, members of the Los Angeles Police Department and/or other first responders, made contact with Decedent MONYAE JACKSON and his friends JAYLAND STRICKLAND and MARIYON WILLIAMS and witnessed firsthand their physical injuries and gunshot wounds.  Instead of taking immediate care to transport at that stage a gravely injured MONYAE JACKSON and his friends JAYLAND STRICKLAND and MARIYON WILLIAMS, who were also suffering from observable gunshot and other wounds and in grave danger, Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT and DOES 1 through 20 failed to do so, instead placing shackles, restraints and hog ties on MONYAE JACKSON and his friends JAYLAND STRICKLAND and MARIYON WILLIAMS, and possibly others.

16.    On or about May 13, 2018, DOES 1 through 20 ("CITY OF LOS ANGELES DOES"), for no justified reason and for no lawful justification, physically assaulted and restrained Decedent, denying him precious time he needed

COMPLAINT

to obtain lifesaving care. CITY OF LOS ANGELES DOES, then in an effort to cover up their errors, allowed Decedent to languish on the cold street while he lost blood from his gunshot wounds. On or about May 13, 2018, DOES 1 through 20 ("CITY OF LOS ANGELES DOES"), for no justified reason and for no lawful justification, physically assaulted and restrained JAYLAND STRICKLAND and MARIYON WILLIAMS, denying both of them precious time needed to obtain lifesaving care. CITY OF LOS ANGELES DOES, then in an effort to cover up their errors, allowed JAYLAND STRICKLAND and MARIYON WILLIAMS to languish on the cold street while losing blood from their gunshot wounds.

17.    As a result of the shackles, restraints and denial of emergency care, Decedent was ultimately taken to the emergency room where he remained in critical condition until he passed away on or about May 15, 2018. From May 13, 2018 to May 15, 2018, Decedent suffered extreme physical pain and suffering due to the actions of Defendant Does 1 through 20.

18.    Also as a result of the shackles, restraints, delay and denial of emergency care, JAYLAND STRICKLAND and MARIYON WILLIAMS were ultimately taken to the emergency room where they remained in the hospital for medical care. They have had a difficult road back to recovery due to the denial and delay of emergency care. JAYLAND STRICKLAND and MARIYON WILLIAMS suffered extreme physical pain and suffering due to the denial of and delay in

8

COMPLAINT

receiving emergency care, as their recovery would have been less arduous had they received immediate care, and for the pain and suffering and emotional distress suffered witnessing the suffering of and denial of care needed by their friend Decedent MONYAE JACKSON due to the actions of Defendant Does 1 through 20.

19.    The actions of the defendants and each of them, were in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the actions undertaken by Defendants constituted an unjustified seizure of Decedent MONYAE JACKSON, JAYLAND STRICKLAND and MARIYON WILLIAMS'S person, deprivation of each's liberty interests, excessive force and were in violation of Decedent's and JAYLAND STRICKLAND and MARIYON WILLIAMS'S civil rights under color of law under 4 U.S.C. §1983 and other sections of the United States Code as more fully set forth herein.

20.    Plaintiff is informed and believes and thereon alleges that, Defendants CITY OF LOS ANGELES and DOES 21 through 40, and their decision makers, with deliberate indifference, gross negligence and reckless disregard to the safety, security, and constitutional and statutory rights of Decedent and Plaintiffs, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things: subjecting people to unreasonable uses of force against their persons;

   a.    selecting, retaining and assigning employees with demonstrable

propensities for excessive force, violence and other misconduct;

b.      failing to adequate train, supervise, and control employees in the dangers of repeated discharge of firearms, including, without limitation, the use of potentially lethal tactics, on individuals who may have pre-existing medical conditions which make such tactics unreasonably dangerous;

c.      failing to adequately train, supervise, and control employees in the dangers of shackling, hogtying or restraining victims of crimes or otherwise delaying or denying medical care to those who have suffered gunshot wounds or other serious or life-threatening injuries, including, without limitation, the use of potentially lethal tactics, on individuals who may have a medical condition which make such tactics unreasonably dangerous;

d.      failing to adequately discipline officers engaged in misconduct;

e.      condoning and encouraging officers in the belief that they can violate the rights of persons such as Decedent and JAYLAND STRICKLAND and MARIYON WILLIAMS in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion or other employment benefits.

21.    Plaintiffs allege that at no time was Decedent, or JAYLAND STRICKLAND and MARIYON WILLIAMS a threat to himself or themselves, anyone and/or the police officers and causing Decedent's death, pain and suffering while still fighting for his life, or causing JAYLAND STRICKLAND and

COMPLAINT

MARIYON WILLIAMS to suffer extreme physical pain and suffering under these conditions was unnecessary, unreasonable, unjustified and amounts to extreme indifference to human life.

22.     Defendants, and each of them, negligently, carelessly, recklessly with deliberate indifference and/or in any other actionable manner hired, employed, retained, trained, supervised, assigned, controlled, and failed to adequately supervise, manage and discipline OFFICERS, and/or civilian employee agents, policy makers and representatives. Including the members of the LOS ANGELES POLICE DEPARTMENT and the CITY OF LOS ANGELES, even though Defendants, and each of them, knew, or in the exercise of reasonable diligence should have known, that all said Police officers had a propensity for using unnecessary, unreasonable, and/or excessive and deadly force, and were otherwise vicious and unfit to be given responsibilities of law enforcement officers and/or had not properly been cleared for duty.

23.     Nevertheless, Defendants, and each of them, negligently, carelessly, and/or with wanton disregard and deliberate indifference for the public safety of an identifiable class of victims, including claimants, Decedent and JAYLAND STRICKLAND and MARIYON WILLIAMS, employed, managed, trained and supervised said Police officers, including the members of the LOS ANGELES POLICE DEPARTMENT, proximately causing the severe injuries to Plaintiff.

COMPLAINT

24.     The policy and procedure of the LOS ANGELES POLICE DEPARTMENT, as implemented and approved, by POLICE CHIEF MICHEL MOORE, were a substantial factor in causing the death of Decedent and the harm to JAYLAND STRICKLAND and MARIYON WILLIAMS. Plaintiffs allege that the above described acts and/or omissions are part of a policy, custom and practice of Defendants, and each of them.

25.     The above-described acts and omissions were carried out by and through Defendants' officers, agents, servants and/or employees, including the members of the LOS ANGELES POLICE DEPARTMENT, who negligently, carelessly, recklessly, intentionally and/or wantonly assaulted or caused to be assaulted, battered Decedent and JAYLAND STRICKLAND and MARIYON WILLIAMS and/or used excessive force against them, and/or allowed Decedent's death or resulting harm to JAYLAND STRICKLAND and MARIYON WILLIAMS which was preventable had the police officers been adequately trained, supervised and/or managed, while in the course and scope of said agency, service and/or employments. Their actions and/or omissions were the proximate cause of Decedent's death and the harm to JAYLAND STRICKLAND and MARIYON WILLIAMS.

26.     Plaintiff is informed and believes and thereon alleges that defendants' LOS ANGELES POLICE OFFICERS have a longstanding custom, policy and

COMPLAINT

practice of violating civil rights, including excessive use of force and other similar actions and ordered authorized, acquiesced and tolerated, permitted or maintained custom and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices and customs or usages as set forth in the foregoing paragraph.  Defendants conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence or reckless disregard to the safety, security and rights of Plaintiffs, the Decedent and JAYLAND STRICKLAND and MARIYON WILLIAMS.

27.    Plaintiff alleges that defendants acted in violation of the United States Constitution and that Decedent's and JAYLAND STRICKLAND and MARIYON WILLIAMS'S constitutional rights were violated.  Defendants, and each of them, acted in violation of Decedent's and JAYLAND STRICKLAND and MARIYON WILLIAMS'S constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Decedent and JAYLAND STRICKLAND and MARIYON WILLIAMS was subjected to an excessive amount of unlawful force and defendants engaged in affirmative conduct and caused harm to Decedent and JAYLAND STRICKLAND and MARIYON WILLIAMS, which ultimately resulted in Decedent's death and harm to JAYLAND STRICKLAND and MARIYON

COMPLAINT

WILLIAMS as a result of injuries they suffered by being denied emergency care while being shackled, detailed and/or hogtied.

28.    The  policy  and  procedure  of  the  LOS  ANGELES  POLICE DEPARTMENT,  as  implemented  and  approved,  by  POLICE  CHIEF  MICHEL MOORE and DOES 21-40, and the policy and procedures of the CITY OF LOS ANGELES were a substantial factor in causing the death of Decedent and the harm to JAYLAND STRICKLAND and MARIYON WILLIAMS.  Plaintiff alleges that the above described acts and/or omissions are part of a policy, custom and practice of Defendants, and each of them.

29.    Plaintiffs further alleges that by virtue of their status as a first responder after the commission of a crime against Decedent, and JAYLAND STRICKLAND and  MARIYON  WILLIAMS,  the  officers,  including  members  of  the  LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE and, personnel  or  others  from  the  CITY  OF  LOS  ANGELES,  Defendants  LOS ANGELES POLICE DEPARTMENT, through their agents, voluntarily undertook a duty  to  protect  Decedent  and  JAYLAND  STRICKLAND  and  MARIYON WILLIAMS. Therefore, special relationship existed between Decedent, JAYLAND STRICKLAND and MARIYON WILLIAMS and Defendants, which gave rise to a duty  to  protect  Decedent  and  JAYLAND  STRICKLAND  and  MARIYON WILLIAMS. Defendants breached that duty by the wrongful acts described herein,

COMPLAINT

including the malicious restraint, shackles and hogtying of Decedent and JAYLAND STRICKLAND and MARIYON WILLIAMS and subsequent cover up of their actions by leaving the minors to suffer on the cold street.

30. Defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and their agents, employees, supervisors and officers, negligently entrusted the security of these individuals to these officers, despite having advanced knowledge that they were unfit to be placed back in the field, thereby increasing the risk of harm to the public at large as well as an identifiable group of victims, including the Plaintiffs.

31. As a result of the repeated unconstitutional actions of defendants and each of them, Decedent MONYAE JACKSON died. Plaintiffs have suffered and continues to suffer devastating and overwhelming severe emotional distress, disgust, anger, shock, fright, nervousness and terror. Plaintiffs have further suffered economic and non-economic damages. In addition, Decedent MONYAE JACKSON suffered severe pain and suffering from May 13, 2018 until he died on May 15, 2018 due to the actions of Defendants.

///

///

///

///

COMPLAINT

## FIRST CAUSE OF ACTION

## VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

### (By Plaintiffs Against All Defendants)

32.     The allegations of every other paragraph of this Complaint are hereby incorporated by reference as if set forth in full.

33.     This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs by the Fourth and Fourteenth Amendments to the United States Constitution.

34.     Defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, and each of them, owed a duty of ordinary care to avoid harm to Decedent.

35.     Plaintiff contends and herein alleges that Defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, and each of them, breached these aforementioned duties, either negligently or intentionally, in relation to all their interactions with Decedent and JAYLAND STRICKLAND and MARIYON WILLIAMS on May 13, 2018, including, but not limited to, restraining, shackling and/or hogtying Decedent and JAYLAND STRICKLAND and MARIYON

COMPLAINT

WILLIAMS, and denying them emergency care and then covering up their wrongful actions.

36.    Plaintiffs contend and herein alleges that the aforementioned negligent/intentional breach of their duties by Defendant LOS ANGELES POLICE DEPARTMENT and Does 1 through 10, constituted violations of the civil rights of Decedent MONYAE JACKSON, and JAYLAND STRICKLAND and MARIYON WILLIAMS in contravention of 42 U.S.C. §1983 of the Fourth and Fifteenth Amendments of the Constitution of the United States.  Plaintiffs further contend and allege that Defendant LOS ANGELES POLICE DEPARTMENT and Does 1 through 20 disregard of Decedent MONYAE JACKSON, and JAYLAND STRICKLAND and MARIYON WILLIAMS'S aforementioned civil rights was done by either actual malice or deliberate indifference to each's civil rights.

37.    On or about May 13, 2018, Defendant LOS ANGELES POLICE DEPARTMENT and Does 1 through 20, and each of them, violated Decedent MONYAE JACKSON, and JAYLAND STRICKLAND and MARIYON WILLIAMS'S civil rights under the Fourth and Fourteenth Amendment of the United States Constitution.  The violation was under color of state and federal law. Defendant LOS ANGELES POLICE DEPARTMENT and Does 1 through 20, and each of them, acted in violation of the Fourth and Fourteenth Amendments of the United States Constitution, when Decedent MONYAE JACKSON and JAYLAND

COMPLAINT

STRICKLAND and MARIYON WILLIAMS was brutally restrained, shackled and/or hogtied instead of being immediately transported to the hospital for emergency care for life threatening injuries that had sustained, and which ultimately resulted in Decedent's death and the others' injuries.

38.     The action of Defendant LOS ANGELES POLICE DEPARTMENT and Does 1 through 20, and each of them, violated the Fourth and Fourteenth Amendment of the United States Constitution and violated 42 U.S.C. §1983. The violation of Decedent MONYAE JACKSON and JAYLAND STRICKLAND and MARIYON WILLIAMS'S civil rights directly and proximately caused the injuries and damages to Plaintiffs as more fully set forth below.

39.     The failure of Defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES, through their agents, voluntarily undertook a duty to protect Decedent and JAYLAND STRICKLAND and MARIYON WILLIAMS, therefore, a special relationship existed between Decedent, JAYLAND STRICKLAND and MARIYON WILLIAMS and Defendants, which gave rise to a duty to protect them. Defendants' breached that duty by the wrongful acts described herein. Defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and their agents, employees, supervisors and officers, negligently entrusted the security of incarcerated individuals to these officers,

18

COMPLAINT

despite having advanced knowledge that they were unfit to be placed in the field, thereby increasing their risk of harm to the public at large as well as the unidentified group of victims including the Decedent and JAYLAND STRICKLAND and MARIYON WILLIAMS.   The actions of Defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and their agents, employees, supervisors and officers were in violation of Decedent MONYAE JACKSON and JAYLAND STRICKLAND and MARIYON WILLIAMS'S civil rights to be free from loss of physical liberty, interests and denial of substantive due process under the Fourth and Fourteenth Amendments of the United States Constitution.  In addition, in taking the aforesaid actions, Defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, and each of them, violated Decedent MONYAE JACKSON, and JAYLAND STRICKLAND and MARIYON WILLIAMS'S civil rights, by being deliberately indifferent to his physical security as set forth in *Wood v. Ostrander,* 879 F2d 583.

40.   Defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, and each of their actions as set forth directly and proximately caused injuries and damages to Plaintiff as more fully set forth below.   On or about May 13, 2018, defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL

COMPLAINT

MOORE, and the CITY OF LOS ANGELES and Does 1 through 20 violated Decedent MONYAE JACKSON, and JAYLAND STRICKLAND and MARIYON WILLIAMS'S and Plaintiffs' civil rights by using a degree a physical coercion which is not objectively reasonable under the circumstances. Defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20 and their actions were the proximate cause of the ultimate death of MONYAE JACKSON, and the denial of care and resulting injuries to JAYLAND STRICKLAND and MARIYON WILLIAMS. The failure to protect Decedent MONYAE JACKSON and the excessive use of force on MONYAE JACKSON and on JAYLAND STRICKLAND and MARIYON WILLIAMS violated Plaintiffs' Fourth and Fourteenth Amendment rights. Each of the defendants, LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, is individually liable for the violation of Decedent MONYAE JACKSON, JAYLAND STRICKLAND, MARIYON WILLIAMS and Plaintiffs' civil rights apart from the policies and practices of the LOS ANGELES POLICE DEPARTMENT and the CITY OF LOS ANGELES.

41.    As a direct and proximate result of the conduct of LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, and each of them, Decedent MONYAE

COMPLAINT

JACKSON, JAYLAND STRICKLAND and MARIYON WILLIAMS suffered the following injuries and damages for which Plaintiffs may recover:

a.  Violation of Decedent MONYAE JACKSON, JAYLAND STRICKLAND and MARIYON WILLIAMS'S Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, deprivation of life and liberty and denial of due process of law;

b.  Loss of life of MONYAE JACKSON including the value of his life;

c.  Conscious physical pain, suffering and emotional trauma.

42.  As a direct and proximate result of the actions of defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, and each of them, Plaintiffs have also suffered the following injuries, including but not limited to:

d.  Loss of love, aide, comfort and society due to the death of Decedent MONYAE JACKSON, according proof;

e.  Loss of economic support of Decedent MONYAE JACKSON;

f.  Funeral and burial expenses according to proof; and

g.  Pain and suffering of Decedent MONYAE JACKSON.

43.  The conduct of defendants LOS ANGELES POLICE DEPARTMENT,

COMPLAINT

POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, and each of them, was reckless and acted with callous indifference to the federally protected rights of Decedent MONYAE JACKSON, JAYLAND STRICKLAND, MARIYON WILLIAMS and Plaintiffs.    Defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, and each of them engaged in despicable conduct by using unreasonable and excessive force and were malicious and in reckless and conscious disregard for the rights and individual safety of Decedent.  As such, Plaintiffs are entitled to punitive damages and in accord with constitutionally permitted limits to punish and make an example of individual defendant officers.

44.    Plaintiff is entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. §1988, as a result of defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20's violation of Decedent MONYAE JACKSON, JAYLAND STRICKLAND, MARIYON WILLIAMS and Plaintiffs' civil rights.

///

///

///

///

COMPLAINT

## SECOND CAUSE OF ACTION

## DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW

## (MONELL CLAIM)

## [42 USC §§ 1983, 1985, 1986 AND 1988]

### (Plaintiffs Against All Defendants)

45. The allegations of every other paragraph of this Complaint are hereby incorporated by reference as if set forth in full.

46. At all times herein mentioned, Defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20 maintained a custom, policy and practice to allow the violation of Civil Rights, including racial profiling of African Americans, use of excessive force upon African Americans, failing to provide adequate care when interacting with victims of crime,  failing to protect Decedent MONYAE JACKSON, JAYLAND STRICKLAND and MARIYON WILLIAMS, viciously restraining, shackling and/or hogtying them even though they were clearly victims of crime, which ultimately led to their injuries and his death.   All of these actions were done in violation of Decedent MONYAE JACKSON, JAYLAND STRICKLAND, MARIYON WILLIAMS and Plaintiffs' civil rights under Color of State of Law and constituted a systematic custom, policy, practice and procedure instituted for denial of the Civil Rights of Plaintiffs and others.

47.     Prior to May 13, 2018, LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20 developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional Rights of African Americans, which caused the violation of Decedent MONYAE JACKSON, JAYLAND STRICKLAND, MARIYON WILLIAMS and Plaintiffs' civil rights.

48.     It is the policy and/or custom of LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, to inadequately supervise and train their officers and failing to protect, monitor and provide adequate care or cause to be transported to hospitals of those crime victims who have life-threatening injuries, thereby failing to adequately discourage constitutional violations on the part of its officers.

49.     As a result of the above described policies and/or customs, LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20 believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned and would be tolerated and accepted.

50.     The above-described policies or customs demonstrated a deliberate indifference on the party of the policy makers of LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS

COMPLAINT

ANGELES and Does 1 through 20 to the constitutional rights of person within their jurisdiction and were the cause of the violations of Decedent MONYAE JACKSON, JAYLAND STRICKLAND, MARIYON WILLIAMS and Plaintiffs' civil rights as alleged herein.

51.     As a direct and proximate result of the conduct of LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, Decedent MONYAE JACKSON suffered the following injuries and damages for which Plaintiff BRIDGETTE GREEN may recover:

a.     Violation of Decedent MONYAE JACKSON's Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, deprivation of life and liberty and denial of due process of law;

b.      Loss of life of MONYAE JACKSON including the value of his life;

c.     Conscious physical pain, suffering and emotional trauma; and

d.     Pain and suffering for Decedent MONYAE JACKSON.

52.     As a direct and proximate result of the actions of defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, and each of them, Plaintiff

COMPLAINT

BRIDGETTE GREEN has also suffered the following injuries, including but not limited to:

a.      Loss of love, aide, comfort and society due to the death of Decedent MONYAE JACKSON, according proof;

b.      Loss of economic support of Decedent MONYAE JACKSON; and

c.      Funeral and burial expenses according to proof; and

d.      Pain and suffering for MONYAE JACKSON.

53.     As a direct and proximate result of the conduct of LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, JAYLAND STRICKLAND, MARIYON WILLIAMS suffered the following injuries and damages for which Plaintiffs EBONY TAYLOR and CHRISTAL JOHNSON, respectively, may recover:

a.      Violation of Decedent JAYLAND STRICKLAND and MARIYON WILLIAMS'S Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, deprivation of life and liberty and denial of due process of law;

b.      Conscious physical pain, suffering and emotional trauma; and

c.      Pain and suffering for JAYLAND STRICKLAND, MARIYON WILLIAMS.

COMPLAINT

54. The conduct of defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, and each of them, was reckless and acted with callous indifference to the federally protected rights of MONYAE JACKSON, JAYLAND STRICKLAND, MARIYON WILLIAMS and Plaintiffs.    Defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20, and each of them engaged in despicable conduct by using unreasonable and excessive force and were malicious and in reckless and conscious disregard for the rights and individual safety of Decedent and JAYLAND STRICKLAND,  MARIYON WILLIAMS by failing to get them immediate emergent care as opposed to restraining, shackling and/or hogtying them as gunshot victims.  Furthermore, the actions of defendants in the subsequent cover up is similarly despicable.  As such, Plaintiffs are entitled to punitive damages and in accord with constitutionally permitted limits to punish and make an example of individual defendant officers.

55.    Plaintiffs are entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. §1988, as a result of defendants LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHEL MOORE, and the CITY OF LOS ANGELES and Does 1 through 20's violation of Decedent MONYAE JACKSON, JAYLAND STRICKLAND, MARIYON WILLIAMS and Plaintiffs' civil rights.

COMPLAINT

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, for each cause of action, as follows:

1.      For all general, special and punitive damages for an amount in excess of $25 million;

2.      For all special damages, for lost wages and future earning capacity;

3.      For all general damages including, but not limited to, damages for pain, suffering, anguish, discomfort, severe emotional distress, disgust, terror, fright, anger, anxiety, worry, nervousness, shock, anguish and mental suffering, loss of enjoyment of life, loss of ability to engage in normal and customary activities, loss of comfort, society, care and companionship;

4.      For the physical pain and suffering of Decedent MONYAE JACKSON from May 13, 2018 to May 15, 2018;

5.      For other and further special damages according to proof at the time of trial;

6.      For other and further general damages according to proof at the time of trial;

7.      For funeral and burial expenses, according to proof;

8.      For prejudgment interest according to proof;

9.      For punitive damages against all defendants involved in the death of MONYAE JACKSON and subsequent cover up and Does 1 through 20;

COMPLAINT

10.   For costs of suit incurred herein;

11.   For other and further relief as this court may deem just and proper;

12.   For legal fees, expenses and costs incurred in prosecution in the present action for violation of Civil Rights pursuant to 42 U.S.C. section 1988.

Dated:   November 30, 2018                     ORLAND LAW GROUP


By: _____

James J. Orland

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a jury trial in the instant action on all states causes of action.

Dated:   November 30, 2018                     ORLAND LAW GROUP


By: _____

James J. Orland

COMPLAINT